IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GREIS CRESENSIA ARGUETA      )
VALLINAS,                             )
                                   )
      Petitioner,             )         NO. 3:26-cv-00887
                                   )
v.                             )         JUDGE RICHARDSON
                                   )
CHRISTOPHER BULLOCK, et al.,   )
                                 )
      Respondents.          )

## <u>ORDER</u>

On June 29, 2026, Petitioner, Greis Cresensia Argueta Vallinas, filed a petition (Doc. No. 1, "Petition") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents—who are Christopher Bullock ("Bullock"), the Department of Homeland Security, and Markwayne Mullin—have filed a response (Doc. No. 12, "Response") to the Petition, therein contending, among other things, that the Court may not exercise jurisdiction over this action and that therefore this action should either be dismissed or transferred to the United States District Court for the Western District of Louisiana, which is where (according to Respondents) jurisdiction over this action is proper. (Doc. No. 12 at 3). Petitioner has filed a reply (Doc. No. 14, "Reply")[1] to the Response. Petitioner has since filed an amended petition (Doc. No. 16, "Amended Petition"), which is now the operative petition in this action.[2]

---

[1] The Court notes that the Reply includes a footnote that refers to the "Magistrate Judge" having previously stated that Bullock is Petitioner's "immediate custodian in Louisiana." (Doc. No. 14 at 4 n.2). Given that none of this district's Magistrate Judges have ordered anything in this action, the Court discerns that this footnote was included in the Reply in error.

[2] Petitioner amended her Petition as of right pursuant to Fed. R. Civ. P. 15(a)(1), which is applicable to habeas corpus actions like the one brought by Petitioner. *See Creech v. Jenkins*, No. 1:15-CV-193, 2018 WL 4776937, at *1 (S.D. Ohio Oct. 3, 2018) ("Under 28 U.S.C. § 2242, a habeas corpus petition may be

For the reasons described herein, this action will be transferred to the United States District Court for the Western District of Louisiana.

## DISCUSSION

Petitioner and Respondents agree that when Petitioner brought this action she was already detained in the South Louisiana ICE Processing Center in Basile, Louisiana, which is located in the Western District of Louisiana.[3] (Doc. No. 1 at 12; Doc. No. 12 at 2; Doc. No. 14 at 2-3; Doc. No. 16 at 12). These circumstances raise the question of whether the Court may exercise jurisdiction over this habeas action. Petitioner contends that the Court may exercise jurisdiction over this action (Doc. No. 14 at 4-10); Respondents disagree, arguing that this action should either be dismissed or in the alternative transferred to the United States District Court for the Western District of Louisiana, which is where (according to Respondents) jurisdiction is proper. (Doc. No. 12 at 3-5).

It is a well-established rule, which is sometimes referred to as the "district of confinement rule," that a petition for habeas corpus under Section 2241 "must be filed in the judicial district where the prisoner is confined." *United States v. Stanley*, No. 22-1500, 2022 WL 17881554, at *1 (6th Cir. Dec. 20, 2022). *See also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("the general rule [] for [] habeas petitions challenging present physical confinement" is that "jurisdiction lies in only

---

amended under the same rules for amending a complaint in a civil action."), *objections overruled sub nom. Creech v. Warden, Chillicothe Corr. Inst.*, No. 1:15-CV-193, 2020 WL 4692430 (S.D. Ohio Aug. 13, 2020).

Other than including "a [new] reference to and a [new] claim based on Respondent's own policy prohibiting the detention of pregnant, postpartum or nursing individuals including Petitioner, ICE Directive 11032.4, on the *Identification and Monitoring of Pregnant, Postpartum, or Nursing Individuals*," (Doc. No. 17 at 1), the Amended Petition is substantively identical to the Petition. So, the Court will address the Amended Petition—and in particular whether the Court may exercise jurisdiction over this action and that petition—based on the filings that were made in connection with the Petition (i.e., the Response and Reply).

[3] Basile, Louisiana, which is located in Evangeline and Acadia counties in Louisiana, is plainly within the Western District of Louisiana. *Clerk's Office*, United States District Court Western District of Louisiana, https://www.lawd.uscourts.gov/clerks-office.

one district: the district of confinement.”). As suggested by the mandatory language from *Stanley*, this rule does not merely *suggest* but rather *requires* that a petition for habeas corpus under Section 2241 be filed in the petitioner’s “district of confinement”—i.e., in the judicial district where the prisoner is confined. *See e.g., United States v. Hendrix*, No. 3:14-CR-00161-1, 2021 WL 794939, at *4 (M.D. Tenn. Mar. 2, 2021) (section 2241 “petitions *must* be filed in the judicial district where the defendant is confined” (emphasis added)); *United States v. Meeks,* No. 6:17-CR-70-CHB-6, 2023 WL 5111950, at *6 (E.D. Ky. Aug. 9, 2023) (a section 2241 petition “*must* be filed in the judicial district where the prisoner is confined.” (emphasis added)). And if the petition is not filed in the “district of confinement,” the court wherein the petition was filed cannot exercise jurisdiction over that petition. *See e.g., Smith v. Heisner*, No. 1:19-CV-202, 2019 WL 2125541, at *2 (W.D. Mich. Apr. 16, 2019) (“this Court lacks jurisdiction to resolve a petition asserted under § 2241 by a prisoner confined in another district”), *report and recommendation approved*, No. 1:19-CV-202, 2019 WL 2120263 (W.D. Mich. May 15, 2019).

As noted above, when Petitioner filed this action, she was (according to Petitioner herself) already detained at the South Louisiana ICE Processing Center in Basile, Louisiana, which is located in the Western District of Louisiana. Therefore, the Court may not exercise jurisdiction over this action. The Court has reviewed Petitioner’s arguments whereby Petitioner asserts, contrary to the Court’s conclusion herein, that the Court may exercise jurisdiction over this action and finds these arguments unpersuasive.[4]

---

[4] Petitioner relies on *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484 (1973), and *Strait v. Laird*, 406 U.S. 341 (1972), for the proposition that this Court may exercise jurisdiction over this action because (according to Petitioner) the Court may exercise personal jurisdiction over Bullock (who the parties agree is Petitioner’s custodian) because (again, according to Petitioner) he is “present” in this district through his agents. (Doc. No. 14 at 4-7). Petitioner’s argument on this point is unavailing.

In *Braden* the Supreme Court held that “[s]o long as the custodian can be reached by service of process, the court can issue a writ . . . even if the prisoner himself is confined outside the court’s territorial jurisdiction,” 410 U.S. at 495, and in *Strait* the Supreme Court found that there was jurisdiction to hear a

Because the Court has concluded that it may not exercise jurisdiction over this action, "the Court must determine whether the appropriate course of action is to dismiss the petition without prejudice or transfer it to the correct federal court." *Iagounov v. Mattos*, No. 3:26-CV-00314, 2026 WL 1486561, at *2 (M.D. Tenn. May 27, 2026) (citing 28 U.S.C. § 1631). "Under Section 1631, if a federal court finds there is a 'want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action' to the correct court rather than dismissing it." *Id.* (quoting 28 U.S.C. § 1631).

Here, Petitioner is presently confined in the Western District of Louisiana, and, as an alternative to dismissal, Respondents have requested that this action be transferred to the United States District Court for the Western District of Louisiana. In these circumstances, the Court finds that transfer of this action to the United States District Court for the Western District of Louisiana is in the interest of justice. *Cf. Smith*, 2019 WL 2125541, at *2 ("because this Court lacks jurisdiction to resolve a petition asserted under § 2241 by a prisoner confined in another district, this matter must be transferred to the district in which Petitioner is confined.").

CONCLUSION

For the reasons set forth above, the Clerk is **DIRECTED** to transfer this action to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1631.

habeas petition brought pursuant to Section 2241 in the Northern District of California even though the petitioner's "nominal custodian" was located in Indiana, because this nominal custodian was present in California through his California-based "officers." 406 U.S. at 344-46. However, the Supreme Court in *Padilla* rejected the notion that either *Braden* or *Strait*—involving as they did cases which did not challenge *present physical custody*—somehow meant that the "district of confinement" rule did not apply to "habeas petitions challenging present physical custody." *Padilla*, 542 U.S. at 445-47.

Likewise, to the extent that Petitioner contends that this is an "exceptional case" where the "district of confinement" rule should not apply (Doc. No. 14 at 7-10), the Court rejects this contention. Indeed, the majority opinion in *Padilla* rejected the notion that there were "numerous exceptions" to the "district of confinement" rule. *Padilla*, 542 U.S. at 449. In fact, the *Padilla* majority held that if it were to recognize exceptions to that rule, then "district courts would be consigned to making ad hoc determinations as to whether the circumstances of a given case are 'exceptional,' 'special,' or 'unusual' enough to require departure from the jurisdictional rules this Court has consistently applied" and that it did "not think Congress intended such a result." *Padilla*, 542 U.S. at 450. The Court finds this rationale quite sound but, more to the point, is required to follow *Padilla* in any event.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE